**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01819-REB-MJW

JANE POSEN,

    Plaintiff/Counterclaim Defendant,

v.

MALKERSON GILLILAND MARTIN, LLP.,

    Defendant,

and

MICHAEL GILLILAND,

    Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,

v.

FELIX POSEN and
DANIEL POSEN,

    Third Party Defendants/Additional Counterclaim Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

The matter before me is **Plaintiff's Motion to Remand to State District Court** [#9], filed October 7, 2005. Plaintiff seeks to remand this case on the ground that defendants have not established that complete diversity of citizenship exists among the parties. Because I find that removal was premature at best, I grant the motion and remand the case.

Plaintiff filed this lawsuit in the District Court of Eagle County, Colorado, on August 24, 2005, alleging claims for relief for breach of fiduciary duty, negligence, and waste and mismanagement.  Defendants removed the action on September 20, 2005, on the basis of diversity of citizenship, alleging, *inter alia*, that plaintiff was a citizen of and domiciled in Colorado.  (**See** Notice of Removal at 2, ¶ 3.)  Plaintiff now seeks to remand, alleging that she has, in fact, been domiciled in the United Kingdom since 1968.[1]

As the parties seeking to invoke federal subject matter jurisdiction, defendants bear the burden of proving that complete diversity of citizenship exists among the parties.  **Karnes v. Boeing Co.**, 335 F.3d 1189, 1193 (10th Cir. 2003).  In determining the citizenship of an individual for purposes of diversity jurisdiction, the operative fact is the individual's domicile.  **See Wallace v. HealthOne**, 79 F.Supp.2d 1230, 1233 (D. Colo. 2000).  Although an individual's residence is *prima facie* evidence of domicile, **State Farm Mutual Automobile Insurance Co. v. Dyer**, 19 F.3d 514, 520 (10th Cir. 1994), domicile is not necessarily synonymous with residence, **see Mississippi Band of Choctaw Indians v. Holyfield**, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989).  Instead, one's domicile is the place both where one is physically present and where one intends to remain or to which one intends return.  **Id.**, 109 S.Ct. at 1608

Rather than come forward to meet their burden of proof, defendants respond to plaintiff's motion by arguing that they require further discovery to determine plaintiff's

---

[1] The federal diversity jurisdiction statute does not apply to United States citizens domiciled abroad.  **Newman-Green Inc. v. Alfonzo-Larrain**, 490 U.S. 826, 828, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989); **Cresswell v. Sullivan & Cromwell**, 922 F.2d 60, 68 (2nd Cir. 1990).

domicile. This tactic is problematic for at least two reasons. First, defendants' request for discovery, encapsulated within their response to plaintiff's motion, is improperly raised pursuant to the local rules of this district. *See* **D.C.COLO.LCivR.** 7.1C ("A motion shall not be included in a response or reply to the original motion."). Their request for discovery therefore is not properly before me.

Second, and more importantly, defendants' request improperly inverts the process for invoking federal removal jurisdiction. A party may remove once it becomes aware of facts that support removal jurisdiction. If those facts are not apparent from the face of the complaint, which they are not in this case, then the party's deadline for filing the notice of removal runs from the receipt of information demonstrating that removal is in fact warranted. *See* 28 U.S.C. § 1446(b). It is, therefore, improper for a party to first remove and only then seek to develop facts showing that federal subject matter jurisdiction exists. *See, e.g.*, ***Garbie v. Chrysler Corp.***, 8 F.Supp.2d 814, 817 n.2 (N.D. Ill. 1998); ***Stoneman v. General Motors Corp.***, 980 F.Supp. 403, 404-05 (D. Kan. 1997); ***Wood v. Malin Trucking, Inc.***, 937 F.Supp. 614, 617 (E.D. Ky. 1995); ***Faulk v. Superior Industries International, Inc.***, 851 F.Supp. 457, 459-60 (M.D. Fla. 1994). Accordingly, any discovery regarding plaintiff's domicile should have been conducted *prior* to removal. To do otherwise runs the very real risk that a party will violate its obligations under Rule 11, which expressly applies to notices of removal. *See* 28 U.S.C. § 1446(a).

Although it appears that defendants here merely jumped the gun in an attempt, albeit misguided, to file their notice of removal within the thirty-day deadline, the

removal nevertheless was improper. Federal subject matter jurisdiction cannot be premised on the mere speculation that diversity of citizenship exists. If discovery in the state court proceedings provides grounds to believe that plaintiff is, in fact, domiciled somewhere in the United States, defendants may remove at that time, so long as their notice of removal is timely filed. *See* 28 U.S.C. § 1446(b).[2] At this juncture, however, they have failed to sustain their burden of demonstrating the existence of federal diversity jurisdiction.

**THEREFORE, IT IS ORDERED** as follows:

(1) That **Plaintiff's Motion to Remand to State District Court** [#9], filed October 7, 2005, is **GRANTED**; and

(2) That this case is **REMANDED** to the District Court of Eagle County, Colorado (Case No. 05CV489).

Dated January 5, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[2] Of course, any removal based on diversity of citizenship must be effected, if at all, within one year after the commencement of the action. *See* 28 U.S.C. § 1446(b).